# EXHIBIT A

| | |
|---|---|
| **DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO**<br>Address: 4000 Justice Way, Castle Rock, CO  80109 | DATE FILED: July 1, 2016 12:52 PM<br>FILING ID: 7F9EFFA2EE05B<br>CASE NUMBER: 2016CV30669 |
| **Plaintiffs:**<br>**KRISTEN MUELLER**<br><br>v.<br><br>**Defendant:**<br>**ALMA LASERS, INC., a Delaware corporation** | |
| **Attorneys for Plaintiff, Kristen Mueller**<br>Scott P. Landry, #21934<br>Landry Law, P.C.<br>9896 Rosemont Avenue, Suite 104<br>Lone Tree, CO  80124<br>Telephone:     (720) 583-2143<br>Facsimile:      (720) 583-2483<br>slandry@landrylaw.com | ▲COURT USE ONLY▲<br><br>Case Number:<br><br>Division : |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

**1.** This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.  Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

**2. Check one of the following:**

☐ This case is governed by C.R.C.P. 16.1 because:

- The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

- A monetary judgment over $100,000 is not sought by any party against any other single party.  This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☑ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

❑The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

☑A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

❑Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See C.R.C.P. 16.1(e). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See C.R.C.P. 16.1(d).*

❑A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

❑C.R.C.P. 16.1 applies to this case.

❑C.R.C.P. 16.1 does not apply to this case.

**3.** ❑This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

Dated this 1st day of July, 2016.

Respectfully submitted,

LANDRY LAW, P.C.

SIGNATURE ON FILE WITH LANDRY LAW, P.C.

By: */s/ Scott P. Landry*
    Scott P. Landry, #21934
    *Attorneys for Plaintiff*

2

| | |
|---|---|
| **DISTRICT COURT, DOUGLAS COUNTY,**<br>**STATE OF COLORADO**<br>Address: 4000 Justice Way, Castle Rock, CO  80109 | DATE FILED: July 1, 2016 12:52 PM<br>FILING ID: 7F9EFFA2EE05B<br>CASE NUMBER: 2016CV30669 |
| **Plaintiffs:**<br>**KRISTEN MUELLER**<br><br>v.<br><br>**Defendant:**<br>**ALMA LASERS, INC., a Delaware corporation** | |
| **Attorneys for Plaintiff, Kristen Mueller**<br>**Scott P. Landry, #21934**<br>**Landry Law, P.C.**<br>**9896 Rosemont Avenue, Suite 104**<br>**Lone Tree, CO  80124**<br>**Telephone:    (720) 583-2143**<br>**Facsimile:      (720) 583-2483**<br>**slandry@landrylaw.com** | ▲COURT USE ONLY▲<br><br>Case Number:<br><br>Division : |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Kristen Mueller, through her attorneys, Landry Law, P.C., states the following as her complaint against the Defendant:

### PARTIES AND VENUE

1. Plaintiff Kristen Mueller is an individual currently residing in Douglas County Colorado, at 10415 Carriage Club Drive, Lone Tree, CO  80124

2. Defendant Alma Lasers, Inc., is a foreign corporation doing business in Colorado with its  principal office at 485 Half Day Road, Buffalo Grove, IL  60089.

3. Defendant is a nonresident of the State of Colorado and Douglas County is the venue designated in this Complaint.  Accordingly, venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

## GENERAL ALLEGATIONS

4. Defendant Alma Lasers, Inc. is the manufacturer and distributor of the Alma Harmony XL Laser (hereinafter the "Harmony Laser") and the Dye-VL Hand Piece (hereinafter the "Hand Piece").

5. On or about August 13, 2015, Defendants' agents and/or employees Brian Duryea and Doug Smith put on a Sales Demonstration of the Harmony Laser and Hand Piece at Beau Visage Skin Care and Spa (hereinafter "Beau Visage"), at 8055 W. Bowles Ave., Littleton, CO 80123.

6. Defendant's agent and/or employee Brian Duryea invited Plaintiff to participate in the Sales Demonstration at Beau Visage in the role of the "patient".

7. Defendant's agent and/or employee Brian Duryea recruited Laurine Dion, an employee of Beau Visage, to assist in the demonstration in the role of the "technician".

8. During the Sales Demonstration, Defendant's agent and/or employee Brian Duryea instructed Lorraine Dion on the use of the Harmony Laser and Hand Piece.

9. During a portion of the Sales Demonstration, Mr. Duryea placed his hand on Ms. Dion's hand that was holding the Hand Piece, and maneuvered her hand and the Hand Piece over Plaintiff's chest.

10. During the Sales Demonstration, Plaintiff suffered second degree burns over most of her chest area.

11. Defendant's agents and/or employees failed to fully inform or warn Plaintiff of the risks associated with the use of the Harmony Laser and the Hand Piece prior to the Sales Demonstration.

12. Defendant's agents and/or employees failed to provide Plaintiff with any written materials on the contraindications or risks associated with the use of the Harmony Laser and/or the Hand Piece prior to the Sales Demonstration.

13. Defendant's agents and/or employees failed to provide Plaintiff with any written materials on the contraindications or risks associated with the use of the Harmony Laser and/or the Hand Piece prior to the Sales Demonstration.

14. Defendant's agents and/or employees failed to obtain Plaintiff's informed consent prior to the Sales Demonstration.

15. Defendant's agents and/or employees failed to follow Defendant's manuals, protocols and procedures for the use of the Harmony Laser during the Sales Demonstration.

16. Defendant's agents and/or employees failed to follow Defendant's manuals, protocols and procedures for the use of the Hand Piece during the Sales Demonstration.

17. As a direct result of the conduct of Defendant Alma Lasers and its agents and/or employees, Plaintiff suffered second degree burns over most of her chest area.

18. As a direct result of the conduct of Defendant Alma Lasers and its agents and/or employees, Plaintiff was permanently disfigured.

19. As a direct result of the conduct of Defendant Alma Lasers and its agents and/or employees, Plaintiff incurred economic and non-economic damages.

20. As a direct result of the conduct of Defendant Alma Lasers, its agents and/or employees, Plaintiff suffered permanent injuries, emotional distress, pain and suffering, economic and non-economic damages, and impairment of the quality of her life

**FIRST CLAIM FOR RELIEF**
**(Respondeat Superior)**

21. Plaintiff incorporates by reference all allegations made in the preceding paragraphs.

22. At all times relevant, Brian Duryea and Doug Smith were the agents and/or employees of Defendant Alma Lasers.

23. At all times relevant, Brian Duryea and Doug Smith were acting in the course and scope of their agency and/or employment with Defendant Alma Lasers.

24. At all times relevant, Brian Duryea and Doug Smith were acting within their authority and/or employment with Defendant Alma Lasers.

25. At all times relevant, the acts or omissions of Brian Duryea and Doug Smith were the acts or omissions of Defendant Alma Lasers.

26. Defendant Alma Lasers is liable for the conduct, during all times relevant, of their agents and/or employees, Brian Duryea and Doug Smith.

27. As a result of the conduct of Defendant Alma Lasers, its agents and/or employees, Plaintiff suffered injuries, damages and losses.

**SECOND CLAIM FOR RELIEF**
**(Negligence)**

28. Plaintiff incorporates by reference all allegations made in in the preceding paragraphs.

29. As a result of the conduct of Defendant Alma Lasers, its agents and/or employees, Plaintiff suffered injuries, damages and losses

30. The above-described conduct of Defendant Alma Lasers, its agents and/or employees was negligent.

31. The negligence of Defendant Alma Lasers and its agents and/or employees, was a cause of Plaintiff's injuries, damages and losses.

### THIRD CLAIM FOR RELIEF
### (Negligent Entrustment)

32. Plaintiff incorporates by reference all allegations made in the preceding paragraphs.

33. Defendant Alma Lasers supplied its agents and/or employees Brian Duryea and Doug Smith with the Harmony Laser and Hand Piece.

34. Defendant Alma Lasers knew or should have known that its agents and/or employees Brian Duryea and Doug Smith, because of their inexperience and/or lack of proper training, were likely to use the Harmony Laser and Hand Piece in a manner involving unreasonable risk of physical harm to Plaintiff.

35. Defendant Alma Lasers negligently entrusted its agents and/or employees Brian Duryea and Doug Smith with the Harmony Laser and Hand Piece.

36. The negligence of Defendant Alma Lasers and its agents and/or employees, was a cause of Plaintiff's injuries, damages and losses.

### FOURTH CLAIM FOR RELIEF
### (Negligent Training and Supervision)

37. Plaintiff incorporates by reference all allegations made in the preceding paragraphs.

38. Defendant Alma Lasers supplied its agents and/or employees Brian Duryea and Doug Smith with the Harmony Laser and Hand Piece.

39. Defendant Alma Lasers failed to properly train its agents and/or employees Brian Duryea and Doug Smith on its manuals, protocols and procedures for use of the Harmony Laser and Hand Piece, before the above-described Sales Demonstration.

40. Defendant Alma Lasers failed to properly supervise its agents' and/or employees', Brian Duryea and Doug Smith, use of the Harmony Laser and Hand Piece during the above-described Sales Demonstration.

41. The above-described conduct of Defendant Alma Lasers was negligent.

42. The negligence of Defendant Alma Lasers was a cause of Plaintiff's injuries, damages and losses.

### FIFTH CLAIM FOR RELIEF
(Lack of Informed Consent)

43. Plaintiff incorporates by reference all allegations made in the preceding paragraphs.

44. Defendants' agents and/or employees Brian Duryea and Doug Smith used the Harmony Laser and Hand Piece on Plaintiff during the Sales Demonstration.

45. Defendant and its agents and/or employees, Brian Duryea and Doug Smith, failed to fully inform or warn Plaintiff of the risks associated with the use of the Harmony Laser and the Hand Piece prior to the Sales Demonstration.

46. Defendant and its agents and/or employees, Brian Duryea and Doug Smith, failed to provide Plaintiff with any written materials on the contraindications or risks associated with the use of the Harmony Laser and/or the Hand Piece prior to the Sales Demonstration.

47. Defendant and its agents and/or employees, Brian Duryea and Doug Smith, failed to provide Plaintiff with any written materials on the contraindications or risks associated with the use of the Harmony Laser and/or the Hand Piece prior to the Sales Demonstration.

48. Defendant and its agents and/or employees, Brian Duryea and Doug Smith, negligently failed to obtain Plaintiff's informed consent before the Sales Demonstration.

49. Plaintiff would not have consented to Defendants' agents and/or employees use of the Harmony Laser and Hand Piece on Plaintiff during the Sales Demonstration she had been given the information required for informed consent.

50. Defendant and its agents and/or employees, Brian Duryea and Doug Smith, failure to obtain Plaintiff's informed consent before the Sales Demonstration was negligent.

51. This negligent failure of Defendant and its agents and/or employees caused Plaintiff to suffer injuries, damages and losses.

WHEREFORE, Plaintiff Kristen Mueller respectfully requests that judgment be entered against Defendant Alma Lasers, Inc. in an amount to be determined at trial for the injuries, damages and losses described herein, including pre-judgment and post-judgment interest as provided by law, costs and expenses, and for such other relief as the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Dated this 1st day of July, 2016.

                              Respectfully submitted,

                              LANDRY LAW, P.C.

                              SIGNATURE ON FILE WITH LANDRY LAW, P.C.

                              By: */s/ Scott P. Landry*
                                  Scott P. Landry, #21934

<u>Plaintiff's Address:</u>
10415 Carriage Club Drive
Lone Tree, CO 80124
