## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.** 1:16-cv-01885-RM-CBS

KRISTEN MUELLER,

      Plaintiff,

v.

ALMA LASERS, INC., a Delaware corporation;

      Defendants.

---

### DEFENDANT ALMA LASERS, INC.'S ANSWER TO COMPLAINT

---

Defendant Alma Lasers, Inc., by and through undersigned counsel, respectfully submits this Answer to the Complaint.

### GENERAL VENUE AND JURISDICTIONAL ALLEGATIONS

1.  In response to Paragraph 1 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

2.  In response to Paragraph 2 of the Complaint, Defendant admits that it is organized under the laws of the state of Delaware and has its principal place of business in Illinois.

3.  In response to Paragraph 3 of the Complaint, Defendant states that whether the Court has jurisdiction over Defendant is a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits only that it is not a resident of the state of Colorado and that Douglas County is the venue designated in the Complaint.  All other allegations are denied.

## GENERAL ALLEGATIONS

4.      In response to Paragraph 4 of the Complaint, Defendant denies the allegations as phrased.  Defendant further states that it has distributed the Harmony XL System and Dye-VL handpiece.

5.      In response to Paragraph 5 of the Complaint, Defendant denies the allegations as phrased.  Defendant further states that on August 13, 2015, Messrs. Duryea and Smith visited Beau Visage Skin Care and Spa.

6.      In response to Paragraph 6 of the Complaint, Defendant denies the allegations as phrased.

7.      In response to Paragraph 7 of the Complaint, Defendant denies the allegations as phrased.

8.      In response to Paragraph 8 of the Complaint, Defendant denies the allegations as phrased.

9.      In response to Paragraph 9 of the Complaint, Defendant denies the allegations as phrased.

10.     In response to Paragraph 10 of the Complaint, Defendant denies the allegations as phrased.

11.     The allegations contained in Paragraph 11 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

12.     The allegations contained in Paragraph 12 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

13.     The allegations contained in Paragraph 13 of the Complaint are legal

conclusions of law to which no response is required.   To the extent a response is required, Defendant denies the allegations as phrased.

14.   The allegations contained in Paragraph 14 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

15.   In response to Paragraph 15 of the Complaint, Defendant denies the allegations as phrased.

16.   In response to Paragraph 16 of the Complaint, Defendant denies the allegations as phrased.

17.   In response to Paragraph 17 of the Complaint, Defendant denies the allegations as phrased.  Defendant further denies it is legally responsible for Plaintiff's alleged injuries and damages, as alleged or at all.   Defendant also denies that it participated in any conduct giving rise to liability in this action.

18.   In response to Paragraph 18 of the Complaint, Defendant denies the allegations as phrased.  Defendant further denies it is legally responsible for Plaintiff's alleged injuries and damages, as alleged or at all.   Defendant also denies that it participated in any conduct giving rise to liability in this action.

19.   In response to Paragraph 19 of the Complaint, Defendant denies the allegations as phrased.  Defendant further denies it is legally responsible for Plaintiff's alleged injuries and damages, as alleged or at all.   Defendant also denies that it participated in any conduct giving rise to liability in this action.

20.   In response to Paragraph 20 of the Complaint, Defendant denies the allegations as phrased.  Defendant further denies it is legally responsible for Plaintiff's

alleged injuries and damages, as alleged or at all.    Defendant also denies that it participated in any conduct giving rise to liability in this action.

## FIRST CLAIM FOR RELIEF
### (Respondeat Superior)

21.    Defendant hereby incorporates paragraphs 1-20 above by reference as if fully set forth herein.

22.    The allegations contained in Paragraph 22 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.  Defendant further states that on August 13, 2015, Messrs. Duryea and Smith were employed by Defendant.

23.    The allegations contained in Paragraph 23 of the Complaint are legal conclusions of law to which no response is required To the extent a response is required, Defendant denies the allegations as phrased.

24.    The allegations contained in Paragraph 24 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

25.    The allegations contained in Paragraph 25 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

26.    The allegations contained in Paragraph 26 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

27.    In response to Paragraph 27 of the Complaint, Defendant denies the allegations as phrased.

## SECOND CLAIM FOR RELIEF
### (Negligence)

28.    Defendant hereby incorporates paragraphs 1-27 above by reference as if fully set forth herein.

29.    In response to Paragraph 29 of the Complaint, Defendant denies the allegations as phrased.

30.    The allegations contained in Paragraph 30 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

31.    The allegations contained in Paragraph 31 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

## THIRD CLAIM FOR RELIEF
### (Negligent  Entrustment)

32.    Defendant hereby incorporates paragraphs 1-31 above by reference as if fully set forth herein.

33.    In response to Paragraph 33, Defendant denies the allegations as phrased.

34.    The allegations contained in Paragraph 34 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

35.    The allegations contained in Paragraph 35 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

36.    The allegations contained in Paragraph 36 of the Complaint are legal

conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

## FOURTH CLAIM FOR RELIEF
### (Negligent Training and Supervision)

37.     Defendant hereby incorporates paragraphs 1-36 above by reference as if fully set forth herein.

38.     In response to Paragraph 38, Defendant denies the allegations as phrased.

39.     The allegations contained in Paragraph 39 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

40.     The allegations contained in Paragraph 40 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

41.     The allegations contained in Paragraph 41 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

42.     The allegations contained in Paragraph 42 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

## FIFTH CLAIM FOR RELIEF
### (Lack of Informed Consent)

43.     Defendant hereby incorporates paragraphs 1-42 above by reference as if fully set forth herein.

44.     In response to Paragraph 44, Defendant denies the allegations as phrased.

45.     The allegations contained in Paragraph 45 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

46.     The allegations contained in Paragraph 46 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

47.     The allegations contained in Paragraph 47 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

48.     The allegations contained in Paragraph 48 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

49.      In response to Paragraph 49 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

50.     The allegations contained in Paragraph 50 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

51.     The allegations contained in Paragraph 51 of the Complaint are legal conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as phrased.

## ANSWER TO RELIEF REQUESTED IN WHEREFORE CLAUSE

To the extent that Plaintiff's request for relief in the Wherefore Clause on page 5 of the Complaint requires a response, Defendant denies each and every allegation in the "Wherefore" paragraph, and denies that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Defendant denies each and every allegation of Plaintiffs' Complaint not expressly admitted or otherwise pleaded to in this Answer.  Defendant further denies that it is liable for any conduct, act or omission or negligence of any kind or nature whatsoever that would warrant the imposition of damages against it, as alleged or at all.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to amend its Answer to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.  Defendant has not knowingly or intentionally waived any applicable affirmative defense.  If it appears that any affirmative defense is or may be applicable after Defendant has had the opportunity to conduct reasonable discovery in this matter, Defendant will assert such affirmative defense in accordance with the applicable rules civil procedure:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, either in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff does not have standing to bring the claims alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, laches, acquiescence, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate her damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to join necessary and/or indispensable parties.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced by her own contributory negligence, comparative fault or negligence and/or the fault or negligence of her agents and/or representatives or others, assumption of risk, misuse, sophisticated user doctrine, and/or pro rata liability.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by a release as to those claims and/or waiver.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused, in whole or in part, by the conduct of others over whom Defendant had no control and for whom Defendant is not responsible. If other persons or entities were negligent, legally responsible, or otherwise at fault for the damages alleged in the Complaint, this percentage of fault must be reduced against any damages assessed against Defendant, if any, pursuant to C.R.S. § 13-21-111.5 and C.R.S. § 13-21-406.

## TENTH AFFIRMATIVE DEFENSE

Defendant is entitled to set-off, offset, contribution, and/or indemnity should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiff or with respect to the same alleged injuries.

## ELEVENTH AFFIRMATIVE DEFENSE

Any damages allegedly suffered by Plaintiff were not proximately caused by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

This action is frivolous and/or groundless and therefore Defendant is entitled to all costs, including but not limited to, attorney fees, expert fees, and all other costs of litigation.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, but the doctrine of informed consent.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant incorporates the defenses of all others who are or may become parties to this action as though more fully set forth herein.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if any, are barred or limited by virtue of the fact that the injuries asserted are due to a preexisting condition and are not the result of any acts or omissions by Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, should be apportioned among all parties at fault, and any nonparties at fault, pursuant to the Uniform Contribution Among Tortfeasors Act

(C.R.S. § 13-50.5-101, *et seq.*) and C.R.S. § 13-21-406.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant had no constructive or actual notice of any allegedly dangerous condition. In the alternative, any such condition was open and obvious to Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are limited by the operation of the provision of C.R.S. § 13-21-102.5.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages claim, if any, for non-economic losses is limited by the applicable governing doctrine.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant denies that it is the legally responsible party for any actions and/or omissions that may have contributed to Plaintiff's claimed damages and injuries, if any.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff knowingly failed to exercise due care for her own safety through her own culpable acts and/or omissions with knowledge that an injury such as the one described in the Complaint could occur. Such knowing acts and/or omissions constitute misuse of the product, and were a proximate cause of Plaintiff's alleged injuries and damages, and constituted more than fifty percent (50%) of such cause, and Plaintiff's claims are therefore barred or must be comparatively reduced.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited by any recovery that Plaintiff has received from collateral sources pursuant to C.R.S. § 13-21-111.6.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were the proximate cause of an unforeseeable, independent, intervening and superseding cause, which bars any recovery against Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk by voluntarily and unreasonably proceeding to encounter a known danger and, therefore, is barred from recovering any damages against Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant denies any paragraph or any portions of any paragraph in the Complaint not previously referred to herein.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by additional affirmative defenses that may arise during the course of the litigation. Defendant has not knowingly or intentionally waived any applicable affirmative defenses or avoidance. Defendant expressly reserves, and does not waive the right to amend its affirmative defenses as investigation, discovery, and/or trial reveal to be applicable.

**WHEREFORE,** Defendant  requests that this Court enter judgment in Defendant's favor and against Plaintiff, dismissing Plaintiff's Complaint as to Defendant with prejudice and granting Defendant its costs, attorneys' fees, and such other relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial.

1

DATED: August 12, 2016.

Respectfully submitted,

*/s/ Daniel S. Wittenberg*
Daniel S. Wittenberg
Ellie Lockwood
SNELL & WILMER LLP
1200 Seventeenth Street
Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email:  dwittenberg@swlaw.com
         elockwood@swlaw.com

**Counsel for Defendant Alma Lasers, Inc.**

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of August, 2016, a true and correct copy of the

above and foregoing **DEFENDANT ALMA LASERS, INC.'S ANSWER TO**

**COMPLAINT** was served using the CM/ECF system upon the following:

**Counsel for Plaintiff**
Scott P. Landry
Landry Law, P.C.
9896 Rosemont Avenue, Suite 104
Lone Tree, CO 80124
Telephone: 720-583-2143
Facsimile: 720-583-2483
slandry@landrylaw.com


*s/ Holly Nilson*
Holly Nilson For Snell & Wilmer, L.L.P.

24640841.3

1