IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 16-cv-01885-RM-SKC

KRISTEN MUELLER,

    Plaintiff,

v.

ALMA LASERS, INC., a Delaware corporation,

    Defendant.

---

**ORDER**

---

This matter is before the Court on *Defendant's Renewed Partial Motion to Dismiss* (ECF No. 87) (the "Motion"), Plaintiff's *Response to Defendant's Renewed Partial Motion to Dismiss* (ECF No. 92), and *Defendant's Reply in Support of its Renewed Partial Motion to Dismiss* (ECF No. 97). Plaintiff seeks to recover damages for alleged personal injuries (burns to the chest) sustained after receiving treatment from a cosmetic laser imported and sold by Defendant. Employees of Defendant provided the laser treatment at issue. Defendant's Motion seeks dismissal of Plaintiff's fourth, sixth, seventh, eighth, and ninth causes of action. (ECF No. 87 at 2.) For the reasons stated below, the Court GRANTS Defendant's Motion.

**I.    BACKGROUND**

The factual background is derived from the allegations in Plaintiff's Complaint, which are taken as true for purposes of the Motion. Defendant imports and sells cosmetic lasers. (ECF No. 48, Compl. at ¶¶ 5-6, Ex. A.) At issue in this case, is the Harmony XL Pro Laser, which the Court simply refers to as "the laser." (*Id.* at ¶ 5.) Defendant employs sales representatives to

provide demonstrations of the lasers to entice potential purchasers. (*Id.* at ¶ 43.) On August 13, 2015, two of Defendant's sales representatives, Brian Duryea and Doug Smith, conducted such a sales demonstration at the Beau Visage Skin Care and Spa ("Beau Visage") in Greenwood Village, Colorado. (*Id.* at ¶ 43.) The demonstration was arranged for the purpose of Defendant selling one of the lasers to Beau Visage. (*Id.* at ¶¶ 160, 165.) But in order to perform the demonstration, Defendant needed a model on which to perform the cosmetic laser procedure. (*Id.* at ¶ 51.)

Plaintiff volunteered to be the model for demonstrating the Defendant's laser to Beau Visage. (*Id.* at ¶¶ 51-54.) Plaintiff served as the model for the sales demonstration of the laser on August 13, 2015. (*Id.* at ¶ 54.) Defendant's sales representative, Brian Duryea, operated and performed the laser treatment on Plaintiff's chest. (*Id.* at ¶¶ 78-79.) At some point, Mr. Duryea stated that using the laser was "so easy even a monkey could do it." (*Id.* at ¶ 65.) But there are a number of things that Plaintiff alleges Mr. Duryea failed to do: failed to provide a consent form, conduct a skin test, take a detailed medical history, discuss contraindications, apply a refrigerated cooling gel to the treatment site, offer a medical grade cream for post-laser treatment, or take before and after pictures of Plaintiff. (*Id.* at ¶¶ 68-81.) As a result of the August 13, 2015 laser treatment, Plaintiff sustained second-degree burns and permanent scarring to her chest, which she became aware of on August 19, 2015. (*Id.* at ¶¶ 82-93.)

Plaintiff first filed a complaint in Colorado state court on July 1, 2016, which Defendant removed to this Court on July 22, 2016. (*See* ECF No. 1.) Plaintiff filed an Amended Complaint (which the Court simply refers to as "the Complaint") on August 4, 2017. (ECF No. 48.) In response, Defendant filed the instant Motion seeking dismissal of Plaintiff's fourth, sixth, seventh, eighth, and ninth claims. (ECF No. 87.)

## II. LEGAL STANDARD

The purpose of a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (internal quotation marks and citation omitted).

To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts … to provide 'plausible grounds that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility in this context "must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (internal quotation marks and citation omitted). The "allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id*. This requirement of plausibility "serves not only to weed out claims that do not have a reasonable prospect of success, [but also to] provide fair notice to defendants of the actual grounds of the claim against them." *Id*. at 1248; *accord Twombly*, 550 U.S. at 582.

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid

of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

## III. ANALYSIS

### A. Negligent Entrustment—Beau Visage (Claim 4)

Defendant's Motion contends that Plaintiff's negligent entrustment claim should be dismissed because it "fails to allege any negligence on the part of Beau Visage or its employees that caused Plaintiff's injuries." (ECF No. 87 at 3.) In other words, because the agent was not negligent, the principal cannot be negligent. Plaintiff responds that it has stated a claim for negligent entrustment "based on Defendant Alma's decision to negligently entrust their laser to Beau Visage, when it knew or should have known that Beau Visage was likely to use the laser or conduct themselves in such a manner so as to create an unreasonable risk of harm to Plaintiff." (ECF No. 92 at 3.) Plaintiff relies on the following allegations to support its "Negligent Entrustment—Beau Visage" claim:

> 133. Defendant Alma's negligent entrustment of the Harmony Laser System to Beau Visage, its officers and/or employees, caused Plaintiff to suffer painful injuries, disfigurement, permanent impairment, economic and non-economic damages, and losses.

(ECF No. 92 at 4 (citing ECF No. 48 at ¶ 133).) Plaintiff fails to allege a plausible claim.

Under Colorado law, the elements of a negligent entrustment claim are: (1) a supplier permits a third party to use a thing or engage in an activity which is under the control of the supplier; and (2) the supplier gives such permission either knowing or having reason to know that the third party intends or is likely to use the thing in such a manner as to create an unreasonable risk of harm to others. *Casebolt v. Cowan*, 829 P.2d 352, 357 n.4 (Colo. 1992).

There are no allegations to support the first element of a negligent entrustment claim. Plaintiff's factual allegations do not support, and in fact contradict, the contention that Defendant

4

permitted a third party to supply a thing or engage in an activity under its control. Plaintiff alleges that Defendant's employees, Brian Duryea and Doug Smith, scheduled and set up the sales demonstration at Beau Visage. (ECF No. 48, Compl. at ¶¶ 48-50.) Plaintiff alleges that Defendant's employees did not provide a consent form, conduct a skin test, take a detailed medical history, discuss contraindications, apply a refrigerated cooling gel to the treatment site offer a medical grade cream for post-laser treatment, or take before and after pictures of Plaintiff. (*Id.* at ¶¶ 68-81.) Plaintiff specifically alleges that Defendant's employee, Mr. Duryea—not Beau Visage—performed the laser treatment. (*Id.* at ¶ 79.) The allegation regarding "Defendant Alma's negligent entrustment of the Harmony Laser System to Beau Visage" offers no more than a label and conclusion which is devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff's Complaint fails to plead facts to plausibly establish the first element of a negligent entrustment claim with regard to Beau Visage.

And there are no allegations to support the second element of a negligent entrustment claim. Plaintiff fails to direct the Court to any factual allegations that Defendant knew or had reason to know that Beau Visage intended or was likely to use the laser in such a manner as to create an unreasonable risk of harm to others. (*See* ECF No. 92.) The Court's review of Plaintiff's Complaint fares no better because it lacks any facts to plausibly allege that Defendant knew or had reason to know that Beau Visage intended or was likely to use the laser in such a manner as to create an unreasonable risk of harm to others. (*See* ECF No. 48.) As Defendant notes, the Complaint does not allege that Beau Visage did anything wrong. (ECF No. 87 at 4-5.) Thus, Plaintiff's Complaint fails to plead facts to plausibly establish the second element of a negligent entrustment claim with regard to Beau Visage. Accordingly, Defendant's Motion is granted as to this claim and Plaintiff's fourth cause of action shall be dismissed with prejudice.

### B. Negligent Supervision and Training—Beau Visage (Claim 6)

Defendant argues that Plaintiff's sixth cause of action for negligent supervision and training must be dismissed because there are no allegations that Beau Visage acted negligently to cause Plaintiff's injuries. (ECF No. 87 at 5.) Plaintiff sets forth an unclear argument that Beau Visage was incompetent to use the laser because Defendant did not provide the Operator's Manual or inform Beau Visage of the risks associated with the device. (ECF No. 92 at 6.) Nonetheless, Plaintiff fails to address the deficiencies in her Complaint.

In Colorado, an employer who knows or should have known that an employee's conduct would subject third parties to an unreasonable risk of harm can be held directly liable to third parties for harm proximately caused by the employee's conduct. *Destefano v. Grabrian*, 763 P.2d 275, 288 (Colo. 1988). To maintain a claim for negligent supervision, a plaintiff must establish that the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment. *Id.* Here, there are neither allegations of an employer-employee relationship between Defendant and Beau Visage nor any allegation that Beau Visage caused any harm to Plaintiff. The Complaint alleges that Defendant's employee, Mr. Duryea, performed the laser treatment. (ECF No. 48 at ¶ 79.) Plaintiff fails to plausibly allege a claim for negligent training and supervision. Accordingly, Defendant's Motion is granted as to this claim and Plaintiff's sixth cause of action shall be dismissed with prejudice.

### C. Lack of Informed Consent (Claim 7)

Defendant argues that Plaintiff's lack of informed consent claim must be dismissed because the procedure at issue was performed by its sales representatives, not physicians or another medical professional who would have owed a duty to Plaintiff. (ECF No. 87 at 7-8.) As a result, Defendant continues, the claim lacks the required threshold professional relationship

6

between Plaintiff and Defendant. (*Id.* at 6.) Plaintiff responds that she had a right to make an informed decision about her body and that Defendant's employees, Brian Duryea and Doug Smith, failed to inform or warn of the risks associated with the use of the laser system. (ECF No. 92 at 6-9.)

Neither party cites controlling law that directly addresses the issue—presumably because the facts of this case are atypical for an informed consent claim. "Informed consent claims typically arise out of a substantial risk associated with a competently performed procedure." *Hall v. Frankel*, 190 P.3d 852, 864 (Colo. App. 2008). Here, by contrast, Plaintiff alleges that Defendant's employees, as sales representatives, either should not have performed the procedure at all or performed the procedure negligently. In either event, the existence and scope of legal duty is a question of law to be determined by the court. *Keller v. Koca*, 111 P.3d 445, 448 (Colo. 2005). The Court acknowledges that informed consent is not limited solely to physicians. CJI-Civ. 15:2 n. 2 (2016) ("This instruction is generally applicable to members of other healing arts. In such cases, a more appropriate word describing the defendant's profession, e.g., 'surgeon,' 'dentist,' 'chiropractor,' should be substituted for the word 'physician.'").[1] However, based on the allegations in Plaintiff's Complaint, the Court cannot say that Defendant's sales representatives owed Plaintiff a legal obligation to inform her of substantial risks associated with a cosmetic procedure where Plaintiff alleges the sales representatives were not trained, forbidden from using the laser, and should not have operated the laser. (ECF No. 48 at ¶ 25, 45, 47.) Plaintiff's allegations do not lie in a claim for lack of informed consent. Accordingly, Defendant's Motion is granted as to this claim and Plaintiff's seventh cause of action shall be dismissed with prejudice.

---

[1] Note 5 to Colorado Civil Jury Instruction 15:10, which provides the elements for a claim of lack of informed consent, specifically states: "The first two sentences of Note 2 of Notes on Use to Instruction 15:2 are also applicable to this instruction."

### D. Colorado Consumer Protection Act ("CCPA") (Claim 8)

Defendant requests dismissal of Plaintiff's eighth claim for three reasons: "[Plaintiff] (1) lacks standing to bring such a claim (2) fails to demonstrate the required elements for a CCPA claim; and (3) fails to plead the claim with particularity." (ECF No. 87 at 8.) Plaintiff counters that Defendant has violated the CCPA because it knowingly and intentionally failed to comply with its own guidelines and those imposed by the FDA. (ECF No. 92 at 11.)

To state a claim for violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et seq.*, Plaintiff must allege the following: "(1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146–47 (Colo. 2003). And "a plaintiff must meet the heightened pleading requirements pursuant to Rule 9(b) to prove a deceptive or unfair trade practice." *HealthONE of Denver, Inc. v. UnitedHealth Grp. Inc.*, 805 F. Supp. 2d 1115, 1120–21 (D. Colo. 2011). The Tenth Circuit requires "a complaint alleging fraud to set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quotations and citation omitted). "Rule 9(b)'s purpose is to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based[.]" *Id.*

Here, Plaintiff's CCPA claim fails to identify an unfair or deceptive trade practice. "To be a deceptive trade practice under the CCPA, a false or misleading statement must be made with

knowledge of its untruth, or recklessly and willfully made without regard to its consequences, and with an intent to mislead and deceive the plaintiff." *Campfield v. State Farm Mut. Auto. Ins. Co.*, 532 F.3d 1111, 1120 (10th Cir. 2008) (quotations and citations omitted). "A material omission is a deceptive trade practice if the defendant failed to disclose material information . . . which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction." *Id.*

Plaintiff alleges that Defendant's sales representatives' use of the laser was deficient in a number of respects: failed to inform Plaintiff that the laser should not be used on someone who had recently been in the sun; failed to discuss or inform Plaintiff of the contraindications; ignored Defendant's guides, teaching tools, protocols and manuals; ignored the contraindications presented by Plaintiff; failed to conduct a skin test; and failed to set the "initial fluence parameter". (ECF No. 48 at ¶¶ 155-165.) First, these allegations concern allegedly negligent acts, not statements that were false, misleading, or made with reckless disregard for their truth. Second, the Complaint fails to allege any facts to establish that the sales representatives, Mr. Duryea or Mr. Smith, knew how to or were trained to perform the procedure and then concealed material information or misled Plaintiff—in fact, the Complaint alleges the opposite. Plaintiff alleges that Defendant failed to properly train its employees (fifth cause of action); required its sales representatives to certify that they would "not perform any clinical demonstrations or provide clinical trainings" (ECF No. 48 at ¶¶ 45, 47); and, at least with respect to Mr. Duryea, actually believed that use of the laser was "so easy even a monkey could do it" (*Id.* at ¶ 65). Based on the foregoing, Plaintiff falls short of alleging particular facts to establish a CCPA

violation.² *Campfield*, 532 F.3d at 1121-22.  Accordingly, Defendant's Motion is granted as to this claim and Plaintiff's eighth cause of action shall be dismissed with prejudice.

     E.     **Exemplary Damages ("Claim" 9)³**

Colorado Revised Statute Section 13-21-102 allows for an award of exemplary damages "[i]n all civil actions in which damages are assessed by a jury for a wrong done to the person . . . and the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct[.]"  Colo. Rev. Stat. § 13-21-102(1)(a).  "'Willful and wanton conduct' means conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff."  *Id.* § 13-21-102(1)(b); *see also id.* § 13-21-203(3)(b).  "Where the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements of section 13-21-102 are met."  *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005); s*ee also Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007) ("Conduct is willful and wanton if it is a dangerous course of action that is consciously chosen with knowledge of facts, which to a reasonable mind creates a strong probability that injury to others will result.") (citation and internal quotations omitted).  "Exemplary damages against the party against whom the claim is asserted shall only be awarded in a civil action when the party asserting the claim proves beyond a reasonable doubt the commission of a wrong under the circumstances set forth in section 13-21-102."  Colo. Rev. Stat. § 13-25-127(2); *see also Coors*, 112 P.3d at 65.

---

² With regard to Plaintiff's argument that Defendant misled the FDA by its after-the-fact failure to report the event, this obviously cannot be a deceptive trade practice that *caused* Plaintiff's injuries.  *Rhino Linings USA, Inc.*, 62 P.3d at 146–47.

³ The Court does not consider a request for exemplary damages a "claim" within the meaning of Federal Rule of Civil Procedure 8(a)(2); it is only a form of the relief prayed for as part of the underlying claims.  Thus, Defendant presumably seeks to have the exemplary damage portions of the Complaint stricken.

As discussed above, Plaintiff fails to allege any facts to establish that Defendant, or its employees, knew of the dangers associated with performing the procedure on Plaintiff, and despite such knowledge, performed the procedure while consciously disregarding the risk of injury to Plaintiff. Defendant specifically prohibited its sales representatives from performing any clinical demonstrations or training. (ECF No. 48 at ¶¶ 45, 47.) And the sales representative's statement that use of the laser was "so easy even a monkey could do it," directly undermines any claim that Mr. Duryea embarked on a course of conduct which he thought was in any way dangerous. (*Id.* at ¶ 65.) Thus, neither Defendant nor its employees are alleged to have willfully or wantonly injured Plaintiff. *Holland Furnace Co. v. Robson*, 402 P.2d 628, 631 (1965) ("The principal cannot be held liable in exemplary damages for the act of an agent, unless it is shown that it authorized or approved the act for which exemplary damages are claimed; or, that it approved of or participated in the wrong of its agent; or, that it failed to exercise proper care in selecting its servants."). As a result, Plaintiff has not alleged facts to support an award of exemplary damages.

## IV. CONCLUSION

Based on the foregoing, the Court:

(1) GRANTS Defendant's Motion (ECF No. 87); and

(2) DISMISSES WITH PREJUDICE the fourth, sixth, seventh, and eighth claims in Plaintiff's Complaint and STRIKES paragraphs 183 through 188 in support of Plaintiff's "ninth claim" for "punitive damages" (ECF No. 48).

DATED this 10th day of September, 2018.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge